-FILED-

FEB 16 2022

At _____ M
GARY T. BELL, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Cause No. 2:22CR014 |
| v. | ) |
| | ) 18 U.S.C. § 1349 |
| WENDELL BURTS | ) 18 U.S.C. § 1028A |
| ONEIDA HERRERA | ) |

## INDICTMENT

THE GRAND JURY CHARGES:

At times material to this Indictment:

### Background

1. First Merchants Bank was a financial institution insured by the Federal Deposit Insurance Corporation.

2. ONEIDA HERRERA was an employee of First Merchants Bank at locations in Lake County, Indiana, in the Northern District of Indiana.

### COUNT ONE
### (Conspiracy to Commit Bank Fraud)

3. Beginning on or about October 2020 and continuing through on or about June 2021, in the Northern District of Indiana and elsewhere, **WENDELL BURTS, ONEIDA HERRERA** and others did knowingly and willfully conspire and agree to commit the offense of Bank Fraud, in violation of Title 18, United States Code Section 1344.

1

### The Objective of the Conspiracy

4. The purpose of the conspiracy was to fraudulently obtain moneys and funds under the custody and control of First Merchants Bank.

### The Manner and Means Used in the Conspiracy

5. On or about October 2020, WENDELL BURTS recruited ONEIDA HERRERA to participate in a scheme to steal money from First Merchants Bank accounts by using customer identity and account information.

6. Beginning on or about November 2020 and continuing through on or about June 2021, HERRERA used her position at First Merchants Bank to retrieve customer identity and account information, including names, social security numbers, dates of birth, driver's license numbers and transaction details. HERRERA provided this information to BURTS.

7. Between on or about November 2020 and on or about June 2021, BURTS and others used the identity and account information provided by HERRERA to make unauthorized changes to First Merchants Bank customer accounts. On at least one occasion, BURTS called First Merchants Bank and provided identity and account information to a customer service representative for this purpose.

8. During the course of the scheme, members of the conspiracy attempted to transfer over $450,000 from First Merchants Bank customer

accounts and successfully transferred over $190,000.

9.  Between on or about December 2020 and May 2021, members of the conspiracy shipped funds obtained via the scheme to BURTS in the form of cash.

All in violation of Title 18, United States Code Section 1349.

## COUNT TWO
## (Aggravated Identity Theft)

10. Paragraphs 1 through 9 are hereby realleged and incorporated by reference.

11. Between on or about November 2020 and on or about June 2021, in the Northern District of Indiana and elsewhere, the defendant,

## WENDELL BURTS

did knowingly possess and use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit 18 U.S.C. § 1349 as charged in Count 1, knowing that the means of identification belonged to another person.

In violation of Title 18, United States Code Section 1028A(a)(1).

## **FORFEITURE ALLEGATIONS**

1. The allegations contained in Count 1 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(2).

2. Upon conviction of the offenses in violation of Title 18, United States Code, Section 1349, set forth in Count 1 of this Indictment, the defendants, WENDELL BURTS and ONEIDA HERRERA, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations.

3. The United States will also seek a forfeiture money judgment equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

4. If any of the property described above, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28 United States Code, Section 2461(c).

                        A TRUE BILL:

                        s/Foreperson
                        FOREPERSON

CLIFFORD D. JOHNSON
UNITED STATES ATTORNEY


By:   s/Abizer Zanzi
      Abizer Zanzi
      Assistant United States Attorney
      Northern District of Indiana